| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>DAVID A. ACEVEDO. | Criminal Action No. 3:05–CR–214-01<br>Civil Action No. 3:12–CV–570 |

# MEMORANDUM OPINION

THIS MATTER is before the Court on *pro se* Petitioner David Acevedo's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion") (Doc. No. 94) and the United States' Motion to Dismiss § 2255 Petition ("Motion to Dismiss") (Doc. No. 97). For the reasons stated below, the Court GRANTS the Motion to Dismiss and DISMISSES Acevedo's § 2255 Motion.

# BACKGROUND

On May 16, 2005, Acevedo and three other individuals were indicted in a three-count Indictment. Count One charged interference with commerce by violence, in violation of 18 U.S.C. § 1951, Count Two charged use and carry of a firearm in connection with a crime of violence, in violation of 18 U.S.C. § 924(c), and Count Three charged stealing firearms from a licensed firearms dealer, in violation of 18 U.S.C. § 922(u). On June 15, 2005, pursuant to a written plea agreement, Acevedo pled guilty to Counts One and Two of the Indictment. On September 20, 2005, the Court sentenced Acevedo to 46 months imprisonment on Count One and 84 months imprisonment on Count Two, to run consecutively. The Court entered its judgment on the same day. Upon the Government's motion, the Court dismissed Count Three of the indictment. Acevedo did not appeal his conviction or sentence.

On July 25, 2012,[1] Acevedo filed the instant § 2255 Motion. In his § 2255 Motion, Acevedo alleges one ground for relief:

> Ground One: Acevedo's sentence was improperly calculated under the Fourth Circuit's holding in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011).

The United States responded by filing a Motion to Dismiss, arguing that Acevedo's § 2255 Motion should be dismissed as time-barred. The Court provided Acevedo twenty days to reply to the United States' Motion to Dismiss and reminded Acevedo that "[p]ursuant to Local Rule 7(K) and *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) . . . [Acevedo was] entitled, but not required, to file a reply." Order, August 15, 2012, Doc. No. 96. Acevedo did not reply to the Motion to Dismiss within the time allotted by the Court. Accordingly, the matter is now ripe for decision.

## DISCUSSION

### I. MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER § 2255

#### a. Legal Standard

Under 28 U.S.C. § 2255 ("§ 2255"), a prisoner in federal custody may attack his sentence on four grounds: (1) the sentence violates the Constitution or the laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. § 2255; *see also Hill v. United States*, 368 U.S. 424, 426–27 (1962). A claim which does not challenge the constitutionality of a sentence or the court's jurisdiction is cognizable in a § 2255 motion only if the alleged violation constitutes a "miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). To prevail under § 2255, the movant bears the burden of proof by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958);

---

[1] An inmate's document is deemed filed as of the date it is deposited in the prison mailing system. *Houston v. Lack*, 487 U.S. 266, 270 (1988). Acevedo executed his § 2255 Motion on July 25, 2012. His certification of mailing however states, "this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on 07 2012." The Court assumes the § 2255 Motion was placed in the mailing system on the date Acevedo executed the motion—July 25, 2012. However, even if the document was placed in the mailing system as early as January 7, 2012, it would not change the analysis below.

*United States v. King*, 36 F. Supp. 2d 705, 707 (E.D. Va. 1999). A *pro se* petitioner is held to a less exacting standard than an attorney in drafting his petition. *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978). Therefore, the Court generously interprets Acevedo's factual allegations and legal contentions.

Petitions for collateral relief pursuant to § 2255 are subject to a one-year limitation period. § 2255(f). Specifically, a petition under § 2255 must be filed within one year after the latest date on which (1) the judgment against the defendant became final; (2) any impediment to making the motion that was created by the government and violates the Constitution or laws of the United States was removed; (3) the Supreme Court first recognized the right the defendant claims, provided that the right applies retroactively to cases on collateral review; or (4) on which the facts supporting the defendant's claim could have been discovered by exercising due diligence. *Id.* A conviction becomes final when one of three events occur: (1) the opportunity to appeal the district court's judgment expires; (2) the defendant's opportunity to file a petition for a writ of certiorari from the appellate court expires; or (3) the United States Supreme Court denies the inmate's petition for a writ of certiorari. *See Clay v. United States*, 537 U.S. 522, 524–25, 532 (2003).

The one-year limitation period has been construed as a statute of limitations rather than a jurisdictional bar. *See Day v. McDonough*, 547 U.S. 198, 205 (2006). Lack of timeliness is an affirmative defense, *United States v. Blackstock*, 513 F.3d 128, 133 (4th Cir. 2008), and subject to equitable tolling. *United States v. Prescott*, 221 F.3d 686, 688 (4th Cir. 2000). A finding of equitable tolling is proper in "'those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party.'" *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 328 n.1 (4th Cir. 2000)). For equitable tolling to apply, an otherwise time-barred petitioner must demonstrate (1) that he has been pursuing his rights diligently, and (2) extraordinary circumstances stood in his way and prevented timely filing. *Holland v. Florida*, 130 S. Ct. 2549,

2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (quoting *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc)).

### b. Analysis

Acevedo's § 2255 Motion is untimely and not subject to equitable tolling. Under § 2255(f)(1), a motion under § 2255 must be filed within one year of "the date on which the judgment of conviction becomes final." This Court sentenced Acevedo and entered a judgment of conviction on September 20, 2005. Acevedo did not file a notice of appeal within ten days after his sentencing, and therefore, his conviction became final on October 4, 2005.[2] *See Clay*, 537 U.S. at 524–25, 532. Acevedo did not file his § 2255 Motion until July 25, 2012,[3] more than six years after his conviction became final. Acevedo's § 2255 Motion is therefore untimely under § 2255(f)(1).[4]

Acevedo, however, asserts that his § 2255 Motion is timely under § 2255(f)(3) because he filed it within one year of the Fourth Circuit's decision in *Simmons*. The Court finds Acevedo's claim for relief is also untimely under § 2255(f)(3). In *Simmons*, the Fourth Circuit interpreted the Supreme Court's ruling in *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577 (2010), finding that *Carachuri-Rosendo* stood for the principle that enhancement of a federal sentence based on a prior conviction requires a sentencing court to determine the maximum sentence of the prior conviction based on the actual level of aggravation, rather than the maximum sentence that could have been imposed on a hypothetical defendant who was guilty of an aggravated offense. *United States v. Powell*, 691 F.3d 554, 556 (4th Cir. 2012). Though Acevedo filed his claim within one year of the *Simmons* decision, the claim is untimely because § 2255(f)(3) applies only to new Supreme Court cases and *Simmons* was decided by the Fourth Circuit. If Acevedo instead

---

[2] In 2005, the Federal Rules of Appellate Procedure allowed a criminal defendant ten days, exclusive of weekends and holidays, to appeal. Fed. R. App. P. 4(b) (2005); Fed. R. Civ. P. 6(a) (2005). Excluding weekends, Acevedo had until October 4, 2005 to file a notice of appeal.

[3] *See supra* note 1.

[4] Section 2255(f)(2) and (f)(4) do not apply here because Acevedo does not contend his filing was impeded by an action of the Government or that a factual predicate was previously unavailable to prove his claim.

relies on *Carachuri-Rosendo*, the claim is untimely because he filed his § 2255 Motion more than a year after the Supreme Court's decision. Finally, even if the claim was filed within one year of the case, the Fourth Circuit has held the rule detailed in *Simmons* and *Carachuri-Rosendo* does not apply retroactively, and therefore does not fall under § 2255(f)(3). *See id.* at 560; *see also United States v. Mathur*, 685 F.3d 396, 398 (4th Cir. 2012) (holding § 2255(f)(3) embodies three requirements for delayed filing: (1) the case involves a right newly recognized by the Supreme Court; (2) the right is made retroactive on collateral review; and (3) a motion under § 2255 is filed within one year of the new Supreme Court opinion).

Neither is Acevedo's claim entitled to equitable tolling. Because *Simmons* does not apply retroactively to cases on collateral review, it cannot be an extraordinary circumstance warranting equitable tolling. No other evidence in the record indicates Acevedo diligently pursued his rights in the years after his conviction became final; therefore, he is not entitled to equitable tolling of his claims. *See Holland*, 130 S. Ct. at 2562. Finding Acevedo's claim is untimely under § 2255(f) and not entitled to equitable tolling, the Court DISMISSES Acevedo's § 2255 Motion.

## II. CERTIFICATE OF APPEALABILITY

A district court that enters a final order denying a § 2255 motion must grant or deny a certificate of appealability. Rule 11(a) of the Rules Governing Section 2255 Proceedings. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Miller-El*, 537 U.S. at 336–38 (citing *Slack*, 529 U.S. at 484). For the reasons stated more fully above, no law or evidence suggests Acevedo is entitled to further consideration of his claims. Accordingly, the Court DENIES a certificate of appealability.

## CONCLUSION

For the reasons stated above, the Court GRANTS the Government's Motion to Dismiss, DISMISSES Acevedo's § 2255 Motion, and DENIES a Certificate of Appealability.

Let the Clerk send a copy of this Memorandum Opinion to Mr. Acevedo and all counsel of record.

An appropriate order shall issue.

_____/s/_____
James R. Spencer
United States District Judge

ENTERED this   28th   day of May 2013.